# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE SPENCE,<br>*Prisoner identification No. 283997*,<br><br>Petitioner,<br><br>v.<br><br>WARDEN STOUFFER and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-17-1377 |

## MEMORANDUM ORDER

Dwayne Spence, a former inmate at the Central Maryland Correctional Facility in Sykesville, Maryland has filed a Petition for a Writ of Habeas Corpus challenging his confinement based on his conviction in the Circuit Court for Baltimore City, Maryland of unauthorized removal of property and a firearm offense. Respondents have filed a Limited Answer in which they assert that the Petition should be dismissed because Spence is no longer in custody and his claim is time-barred. Spence has filed a Reply in which he argues that the merits of his claims should nevertheless be addressed. Upon consideration of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000); D. Md. Local R. 105.6. For the reasons set forth below, the Petition is DISMISSED.

## BACKGROUND

On March 24, 2011, Spence was found guilty in the Circuit Court for Baltimore City of unauthorized removal of property and a handgun violation. Spence was sentenced to seven years

of imprisonment, which was deemed to have begun on January 23, 2009. After the Maryland Court of Special Appeals affirmed his convictions, the Maryland Court of Appeals denied Spence's petition for a writ of certiorari on November 19, 2012. Spence's conviction thus became final for purposes of federal habeas review 90 days later, on February 19, 2013, the deadline for seeking review by the United States Supreme Court. *See* Sup. Ct. Rule 13.1.

On March 4, 2013, Spence filed a state petition for post-conviction relief in the Circuit Court for Baltimore City. That petition was dismissed on June 2, 2014 for lack of jurisdiction. Spence's application for leave to appeal the dismissal was denied on January 14, 2015, and the mandate issued on February 13, 2015. On June 8, 2015, Spence filed a petition for a writ of *coram nobis*, which was dismissed by the circuit court on September 29, 2015. Spence did not appeal the dismissal.

## DISCUSSION

Spence's Petition must be dismissed for two reasons. First, the Court may not consider the Petition because it was filed after Spence completed the sentence at issue. Federal habeas relief is available to a prisoner who is "in custody." 28 U.S.C. § 2254(a) (2012). The Supreme Court has held that this statutory language requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *See Lackawanna Cty. Dist. Attorney v. Cross*, 532 U.S. 394, 401-02 (2001) (stating that when the petitioner "is no longer serving the sentences imposed pursuant to his . . . convictions," he "cannot bring a federal habeas petition directed solely at those convictions"). Here, Spence's seven-year sentence, which began to run on January 23, 2009, expired at the latest on January 23, 2016. Spence filed his Petition in this Court on May 18, 2017, well over a year after his sentence expired. Because Spence was not in custody on the

sentence in question at the time he filed the Petition, it must be dismissed. *See Maleng*, 490 U.S. at 490-91. Spence's assertion that the claims should be considered by this Court because the state court did not consider them is without merit.

Second, the Petition must be dismissed as time-barred. A one-year statute of limitations applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *See* 28 U.S.C. § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, regardless of whether Spence's various filings in the state court tolled the limitations period, Spence had no pending petitions or motions in the state courts after September 29, 2015 and through the date he filed his federal Petition on May 18, 2017. Based on that almost 18-month time period alone, the Court finds that the one-year limitations period had expired before Spence filed the Petition.

3

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although Spence asserts that the Court should address the merits of his claims because they raise "important issues of public interest" and because his constitutional rights were violated, Reply at 2-3, ECF No. 8, he has identified no extraordinary circumstances outside of his control to justify his failure to file his Petition in a timely manner. Thus, the Petition will also be dismissed as time-barred. *See* 28 U.S.C. § 2244(d).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse*, 252 F.3d at 684 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court finds that Spence has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Spence may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003)

(considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition for a Writ of Habeas Corpus is DISMISSED. The Court declines to issue a certificate of appealability. The Clerk shall close the case.

Date: June 11, 2018



THEODORE D. CHUANG
United States District Judge